UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL CROOKER,
       Plaintiff,

       v.                                 CIVIL ACTION
                                          NO. 11-10495-RWZ

UNITED STATES,
       Defendant.

MEMORANDUM AND ORDER

ZOBEL, D.J.

BACKGROUND

On March 16, 2011, Plaintiff Michael Crooker ("Crooker"), a pretrial detainee housed at the Wyatt Detention Facility in Central Falls, Rhode Island,[1] filed a self-prepared Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-2680, alleging, *inter alia*, wrongful prosecution and false imprisonment from June 23, 2004 to September 13, 2010 in connection with an earlier prosecution, United States of America v. Michael A. Crooker, CR 04-30034-MAP.[2]

The relevant background is as follows. Crooker was convicted and sentenced in

---

[1]Crooker has a criminal case pending in this Court. See United States v. Crooker, CR 07-30038-DPW. On March 28, 2011, he entered a guilty plea. Sentencing is set for June 20, 2011.

[2]Crooker alleges that he complied with the administrative presentment requirements under the FTCA because he mailed an administrative tort claim form on August 11, 2010. In that claim, Crooker demanded $6,000,000 for intentional infliction of emotional distress, malicious prosecution, abuse of process, and false imprisonment. Compl. at ¶ 87. Crooker alleges he made numerous attempts to obtain a response to his administrative tort claim, and to apprise the United States of his change of address, but to date, he has not received any response apart from an acknowledgment that his claim was received by the U.S. Department of Justice. Based on these allegations the administrative claim is deemed to have been denied, and the Court has subject matter jurisdiction over the FTCA claim.

that criminal case, on a charge of transportation of a firearm in interstate commerce by a convicted felon.  He appealed his conviction and sentence, and on June 18, 2010, the United States Court of Appeals for the First Circuit ("First Circuit") reversed his criminal conviction and remanded the case for the entry of a Judgment of Acquittal based on its interpretation of the firearms statute at issue.[3]

Crooker alleges in the instant action that employees of the United States acted with malice and without probable cause in instituting and prosecuting the criminal case against him.  He argues that he was framed for a "pretended offense through the use of intellectual dishonesty in formulating an absurd jury misinstruction that ensnared the possession of innocent objects."  Compl. at ¶ 2.  Crooker also asserts that he was "factually framed on one or more of the four elements of the alleged offense."  Id.  In his Complaint, Crooker discusses his 1998 published manuscript entitled "Legal Firearms for Prohibited Persons" (updated in 2001), detailing how prohibited persons can possess antique firearms and airguns without running afoul of the law.  Both of his publications contained vociferous anti-government sentiment.  He then recounts the circumstances leading up to his arrest, as well as the criminal proceedings leading to his conviction.  He asserts that evidence of malice is shown, *inter alia*, where the United

---

[3]The First Circuit reversed the District Court and remanded Crooker's criminal case for the entry of a Judgment of Acquittal based on the holding that the silencer designed to muffle the sound of an airgun did not qualify as a "firearm" within the meaning of the statutory definition of 18 U.S.C. § 921(a)(3)(C), (24).  See United States v. Crooker, 608 F.3d 94  (1st Cir. Jun. 18, 2010).  On August 12, 2010, Mandate (Docket No. 263), issued, and on September 9, 2010, a Judgment of Acquittal (Docket No. 265) entered.  Thereafter, Judge Ponser issued an Order of Recusal, and the criminal case was reassigned to Judge Saris.  On November 20, 2010, Judge Saris issued a Memorandum and Order (Docket No. 269) granting Crooker's request for a Certificate of Innocence that he claimed he needed in order to file a civil suit for compensation from the United States Court of Federal Claims and/or a Bivens or FTCA suit against the prosecutors.

States admitted that from 1934 when silencers were first regulated, until his arrest in 2004, no person in America had ever been arrested or prosecuted for possessing or transporting a silencer for an air gun.

In addition to claiming that the prosecutors and federal agents acted wrongfully in connection with the charges, Crooker alleges the prosecutors held up the issuance of the Mandate from the First Circuit, in order to prolong his detention, and further failed to file a detainer against him in connection with other pending criminal charges until four days after the First Circuit's reversal.

Crooker seeks monetary damages for lost past and future wages totaling $222,000.00. He also seeks compensation for physical injuries and pain suffered during his 2004 to 2010 incarceration because, he alleges, he developed cataracts in both eyes, causing impaired vision and headaches, and has developed a 20mm gallstone causing him painful gallstone attacks. Because of budgetary restraints, Crooker alleges he was denied both cataract and gallstone surgeries. Additionally, Crooker alleges that he has 11 missing teeth due to his pretrial detention, as he was never afforded replacements or restorative dental care.[4] Crooker asserts other adverse consequences of his imprisonment, including his placement in solitary confinement, his inability to consort with his (now deceased) girlfriend, and the loss of his residence and motor vehicle. He seeks $6,000,000.00 for wrongful imprisonment over the more than six-year period, to be reduced by the amount of compensation he expects to be awarded to him by the United States Court of Federal Claims in the pending civil action

---

[4]Attached to Crooker's Complaint is an Affidavit Docket No. 2-1 with respect to the deprivation of medical care during his years of imprisonment. This document was previously filed in his criminal case on November 22, 2010 (Docket No. 70-1). Also attached were medical records and prison forms concerning medical care.

brought under 28 U.S.C. § 2513(e), <u>Crooker v. United States</u>, No. 1:10-cv-00546-VJW.

Plaintiff has been enjoined from filing any lawsuits in this Court without leave. He is also subject to the three-strikes provisions of 28 U.S.C. § 1915(g), which make him ineligible to proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. In view of this, and in accordance with the requirements imposed on enjoined litigants, he filed a Motion to Institute Lawsuit (Docket No. 1) and a Motion for Leave to Proceed *in forma pauperis* along with his prison account statement (Docket No. 3).

Crooker argues that he is exempted from the three-strikes rule of 28 U.S.C. § 1915(g) because "he is in danger of serious physical injury." Motion to Institute Lawsuit (Docket No. 1 at 1). He attaches a petition for writ of habeas corpus, filed, purportedly pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of Rhode Island (as his immediate custodian is located within that district). <u>See Crooker v. Warden Murphy, et al.</u>, Civil Action No. 1:11-cv-00016-DLM (United States District Court for the District of Rhode Island). Therein he seeks declaratory and injunctive relief with respect to his current medical treatment, alleging that he has suffered nearly seven years of ongoing medical neglect and maltreatment including the denial of cataract surgery, gallbladder surgery, and dental restoration (which results in his inability to eat without pain). He asserts that his current medical problems are a direct consequence of the malicious prosecution and wrongful imprisonment of 2004-2010.

<u>DISCUSSION</u>

Crooker, a frequent filer in numerous state and federal courts,[5] has been

previously deemed by this Court to be a three-strikes litigant pursuant to 28 U.S.C.

§ 1915(g).[6]  Additionally, on March 24, 2008, Senior Judge Harrington enjoined Crooker

from filing further lawsuits absent prior permission of the Court, because he found

Crooker had engaged in bad-faith litigation practices.[7]  Specifically, Crooker

---

[5]Crooker has been a frequent filer in this and other courts across the United States since the mid-1980's.  These cases (more than 90 in total) have included habeas petitions as well as cases involving the Freedom of Information Act, the Fair Debt Collection Practices Act, and the Federal Tort Claims Act, as well as cases involving prisoner civil rights, products liability, and sundry civil actions.  Many of his actions have been dismissed with and without prejudice, settled, or summary judgment has entered against Crooker.  On numerous occasions, Crooker's ability to proceed without prepayment of the filing fee has been addressed.

[6]Under the three-strikes rule of § 1915(g), a prisoner may be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury."  <u>Id.</u>  In the 1990's Crooker was deemed to be a three-strikes litigant.  <u>See</u> <u>Crooker v. United States</u>, Civil Action No. 1:97-00402-SJM-SPB (United States District Court for the Western District of Pennsylvania (Erie)(filed Dec. 22, 1997)).  More recently, this Court has independently reviewed Crooker's litigation history and found him to be a three-strikes litigant under § 1915(g).  <u>See</u> <u>Crooker v. Merchants CR Guide Company</u>, Civil Action No. 1:08-10382-EFH (Memorandum and Order (Docket No. 5, entered Mar. 24, 2008) (outlining cases counted as strikes)).  This Court remains satisfied that Crooker is subject to the three-strikes provision of 28 U.S.C. § 1915(g).

[7]That Order also directed that in any removed civil action, Crooker must pay the $350.00 removal fee to the Court within 30 days after case opening, unless permission to proceed was obtained by a judicial officer, upon good cause shown.  <u>See</u> <u>Crooker v. Merchants CR Guide Company</u>, Civil Action No. 08-10382-EFH (D. Mass. Mar. 24, 2008) (Memorandum and Order (Docket No. 5 at 10, ¶ 2) (stating: "Michael Alan Crooker is ENGOINED, as a sanction, from instituting in this Court any other lawsuit, either directly or indirectly (*i.e.*, by filing a Complaint in this Court or by the removal of a civil action from a Massachusetts state court by any defendant(s)), <u>unless</u> Crooker first satisfies the filing fee requirements for commencing a lawsuit in this Court.

systematically engaged in an improper strategy of instituting lawsuits against federal officials and/or the United States in a state court, with the knowledge and intent that the federal defendants would remove the actions to this Court.[8] By this practice, he not only has been able to avoid application of the three-strikes rule, but has found a way to avoid payment of the filing fee obligations imposed on prisoners by 28 U.S.C. § 1915(b) (requiring prisoners to make an initial partial payment based on the amount of funds in their prison accounts, with the balance to be paid in installments thereafter until the full civil action filing fee has been paid).[9]

In this action, Crooker has taken a different strategic tactic to circumvent application of the three-strikes rule. He seeks to invoke the "imminent danger" exception to application of § 1915(g) by claiming that he has received improper medical care over the past seven years as a result of his alleged malicious prosecution and wrongful imprisonment. In order to invoke the imminent danger exception of the three-strikes rule, two elements must be met: the harm must be imminent and the claim for

---

This means Crooker must either pay the $350.00 filing fee for each civil action, or, in the case of any removed action, he must pay the $350.00 removal fee to the Court (after which, the Court shall reimburse the defendant(s) for any removal fee paid.")). See also Crooker v. First Data Solutions, Civil Action No. 08-12145-DPW (Electronic Order entered February 2, 2009 adopting Judge Harrington's approach); Crooker v. National Enterprise Systems, Inc., Civil Action No. 08-11167-DPW (Electronic Order entered July 10, 2008 adopting Judge Harrington's approach).

[8]See, e.g., Crooker v. Cronin, C.A. 07-30065-PBS (Memorandum and Order (Docket No. 28 at 3) (noting the letter by Crooker to government counsel advising that he could envision 50 more lawsuits, all of which the government would have to remove to federal court).

[9]Crooker has disputed this characterization arguing that he should not be penalized because he was clever enough to find a loophole in the *in forma pauperis* statute; however, this Court takes judicial notice of the findings of Judge Harrington and declines to take any action in contravention to his Order enjoining Crooker.

relief asserted must be for the <u>alleviation</u> of that threat of harm.  <u>See, e.g.</u>, <u>Judd v. Federal Election Com'n</u>, 311 Fed. Appx 730 (5th Cir. 2009) (rejecting prisoner's *in forma pauperis* application noting that the alleged threats were not related to his complaint); <u>Polanco v. Hopkins</u>, 510 F.3d 152, 155 (2d Cir. 2007) (finding no error by the district court in determining prisoner's allegations (relating to health risks associated with his exposure to mold or as to his claim of unjust discipline) did not support a determination that he was in imminent danger under 1915(g)); <u>Martin v. Crosby</u>, 219 Fed. Appx. 599 (8th Cir. 2007) (unpublished disposition; allegation by prisoner of risk of sexual assaults and unwarranted strip searches were baseless, and district court was alerted by the appellate court to require prisoner to demonstrate that he "is truly in imminent danger" before being allowed to proceed *in forma pauperis*); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 313, 315 (3d Cir. 2001) (holding prisoner may invoke the imminent danger exception to 1915(g) only to seek relief from a danger which is imminent at the time the complaint is filed; stating "Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms"); <u>Watley v. Collins</u>, 2006 WL 3422996, *5 (S.D. Ohio 2006) (danger claims concerning past events cannot support a claim of imminent physical danger; the imminent danger must relate to the claims in order to meet the exception of § 1915(g), citing <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (statutory interpretation of § 1915(g) requires that imminent danger is assessed at time the complaint is filed)).

Here, Crooker's allegations of past improper medical care while detained pending his criminal trial are insufficient to demonstrate that he is currently in "imminent danger of serious physical injury."  Indeed, a fair inference, based on his claim for monetary damages for malicious prosecution and wrongful imprisonment -- rather than a request

to rectify an imminent danger concerning medical care administered by prison employees – is that Crooker's assertion of imminent danger is <u>not</u> made in good faith, but merely raised in the Complaint solely as yet another attempt to circumvent the application of the three-strikes rule of § 1915(g). As such, it will not be brooked. Moreover, the fact that Crooker failed to name the proper defendants (*e.g.,* prison officials, employees or prison medical staff) to a medical care case, and named only the United States in connection with his FTCA claim, provides further evidence that the claim of "imminent danger" is not genuine. His reference to having pain when eating because of the lack of dental care is an insufficient basis to permit an unrelated FTCA claim to proceed against the United States. Although plaintiff alleges a direct correlation between the onset of his medical problems and his wrongful imprisonment, he fails to show the requisite "imminent danger" to him, and how his FTCA claim for monetary damages would rectify the alleged imminent danger.

Next, to the extent that Crooker may argue that this case presents extraordinary circumstances (*i.e.*, almost seven years of wrongful imprisonment), and therefore this Court should permit him to proceed *in forma pauperis* notwithstanding the three-strikes rule or the lack of imminent danger, these facts cannot serve as a basis to exempt him from application of the three-strikes rule. The merits of his underlying claim are not factors to consider with respect to application of § 1915(g).[10] In other words, whether or not Crooker states meritorious FTCA claims is immaterial to the question of whether or

---

[10]This Court previously rejected this reasoning by a prisoner seeking to circumvent the three-strikes rule. <u>See</u> <u>Awala v. Rice, et al.</u>, C.A. 07-10115-NMG (Memorandum and Order (Docket No. 4), entered April 26, 2007). <u>See</u> <u>also</u> <u>Baggett v. Quarterman, et al.</u>, C.A. 10-11914-DPW (Memorandum and Order (Docket No. 8), entered Dec. 30, 2010).

not he may proceed *in forma pauperis* without payment of the filing fee pursuant to 28

U.S.C. § 1915.  To hold otherwise would utterly undermine the purposes of § 1915(g)

and the Prison Litigation Reform Act.[11]

Second, the fact that Crooker lacks sufficient funds to pay the $350.00 filing fee

for this action does not provide a basis for the non-application of § 1915(g).  Congress

has set forth only an "imminent danger" exception within § 1915(g) to ensure that

prisoners who cannot afford the filing fee are not subjected to serious bodily harm

without any recourse to the courts; however, § 1915(g) makes no provision to exempt a

three-strikes prisoner on the basis of the presentation of a meritorious claim, or on the

basis of inability to pay the filing fee in its entirety up-front.

CONCLUSION

Based on the foregoing, it is hereby Ordered that Crooker's Motion for Leave to

Proceed *in forma pauperis* (Docket No. 3) is <u>DENIED</u> <u>with</u> <u>prejudice</u> because he is

ineligible to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g).  It

---

[11]Even if this Court were to factor the merits into the equation, they would not provide a sufficient basis for the non-application of the three-strikes rule in this case. The Court takes judicial notice of the First Circuit's opinion stating that the government was entitled to pursue the prosecution of Crooker, noting:

> Needless to say, Crooker is in the process of doing neither himself nor society any good. His attitude toward shipping chemicals shows an indifference to law, and (quite apart from silencers) even more disturbing is his professed interest as a convicted felon in airguns that could be as powerful as firearms.  <u>He deliberately skated close to the edge of the law and took his chances with a prosecution that the government was entitled to attempt.</u>  But, given the statute's wording, the answer is not to stretch the present statute beyond its language but to amend it-if the government is so minded-to deal more effectively with home-made or adaptable devices.

<u>Crooker</u>, 608 F.3d at 100 (underline added).

is further Ordered that Crooker's Motion for Leave to Institute Lawsuit (Docket No. 1) is

DENIED, and this action is DISMISSED.[12]


SO ORDERED.

                                    /s/ Rya W. Zobel
                                    RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE
DATED: April 12, 2011

---

[12]The Court notes that the Clerk's Office opened this action as a civil action rather than a Miscellaneous Business Docket ("MBD") pending the Court's determination whether the suit may be filed.  In light of this Memorandum and Order, the characterization of this matter has no prejudicial impact on Crooker as there are no substantive consequences of the case assignment.  However, MBD cases carry a $39.00 filing fee, whereas civil actions carry a $350.00 filing fee.  Here, the Court denies the *in forma pauperis* request as it would relate to both the MBD fee and a new civil action; however, because this Court is not permitting this action to proceed, no filing fee is assessed against Crooker in any fashion.